# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT


JONATHAN CROWELL
SAMANTHA KILMURRAY
      Plaintiffs
        v.                          **Criminal File: 2:08-cv-55**

ROBERT KIRKPATRICK
MICHAEL GORMAN
JEREMY EVANS
CHUCK ALECK
PETER DIMARINO
      Defendants


**INTERROGATORY ANSWERS**

1.  Please identify yourself fully, giving your full name, date of birth, residence address, occupation, and business address.

    **Jonathan Crowell; 12/29/74; 218 Depot Road, Williamsville, VT 05362; Farmer**


2.  Describe in detail all communications you had with Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and Peter DiMarino, or any agent or employee of the Town of Brattleboro, on July 23, 2007, July 24, 2007, or thereafter regarding the incident or any matter related thereto and, with respect to each such communication, state:

    a.  the date of each such communication;

    **On Monday, July 23, 2007, at 1:45pm, Brattleboro police officers showed up on the scene where Samantha Kilmurray and I were peacefully protesting and informed us that the private property owners wanted us off the land. The police said they would return in one hour to make sure we all left the property. Both the police and gardeners were cordial during the initial interactions. When the police began to investigate the tarp area with lockdown barrel inside, they seemed confused. Officer Gorman, Lt. Kirkpatrick, Officer Alek, and one other officer all made appearances. Kirkpatrick seem to be the lead man and launched into an aggravated verbal**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

2

assault about how our actions were ridiculous, that we have no basis, that we've made our statement, now go home, that our actions are wrong, and that it's the police's job to enforce the law. I politely told him I wasn't interested in his commentary and generally did not verbally respond to his claims. We said that this would be a great place for a community garden.

At 4:00pm the police return to the scene and told everyone that there was not going to be an arrest. Kirkpatrick said that we could stay here all week for all he cared. He said we could relax because there was not going to be any arrests. He said we were welcome to camp out and that he hoped the mosquitos weren't too bad. Alek said that he was going to be on shift until 2:00am and that there was not going to be any arrests on his shift.

In the middle of the night, the cops drove by several times and shined their spot light at our tent/tarp. They also used their siren to harass us at night. This all contributed to the general atmosphere of harassment, disdain, and malice.

On Tuesday, July 24, 2007 at 7:00am, Kirkpatrick arrived at the scene with three other officers and continued the verbal tirade. He informed us that we were trespassing and that he talked to the owners of the property again and they said they wanted us removed. They peeled away the tarp. Kirkpatrick pick up my shovel and started shoveling out the dirt. He dumped dirt on our faces several times, some of which went in my ears, eyes and mouth. He had an aggravated tone. I told him that the shovel belonged to me, that it was private property and that he was not allowed to use it. He continued to shovel out dirt and dump dirt on my head. He seemed confused about the barrel and not very handy with tools. At some point, 2 middle-aged men arrived from the Department of Public Works (DPW) and had a look at the barrel. The police continued to be perplexed and were referring to rebar inside the barrel as metal bars. They asked if our hands were stuck in dirt. They figured out that our hands were in pipes. They assumed we were just holding hands(we actually had chains around our wrists with carribeaners that could clip on the a rebar peg inside the tube.) The police were debating whether they should lift the barrel and carry us off. We said it would be dangerous to move the barrel and could potentially kill us or break our arms. They barely investigated the area where we were connected to the barrel. Within 15-20 minutes of the police arrival, they began debating the use of tasers. I suggested many alternatives that did not include violence. I asked them to call the owners- they refused. I asked them to call the fire department or some one who's good with tools- they refused. I suggested that they utilize negotiators and mediators and they responded that there is no time for patience and that we need to be removed now. We said they could just leave us here since it's a vacant lot, that we are not blocking traffic, that we aren't an imminent threat. We said that they don't need to resort to torture. As one possibility, we informed them that if they took away our food and water we

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

3

wouldn't last more than 24 hours. We asked them again- call the property owners and asked them if it's OK to torture peaceful protesters to force us to move- they refused.

Our friend Pete Hawkins arrived with camera around 7:05am. We asked him to call our jail support person Janisse Ray. He left the scene to get the number. Kirkpatrick said, OK, we got to make this quick, we don't want the media and a crowd of friends to arrive. At this point they hastily moved toward the tactic they thought would work- tasing. Both Pete and Janisse witnessed and partially video-taped the final round of tasing. It was a traumatic experience for our friends who witnessed me being electrocuted.

Many times, officers(Kirkpatrick) said, let's just tase them, that will get them to release. The police skipped a lot of sensible procedural steps. We, the protestors were never asked if we had any heart conditions or if Samantha was pregnant. There were no medical or emergency response professionals on the scene. The police did not utilize any mediators or negotiators, although they claimed to have used tasers only as a last resort. The police had over 18 hours to consider their other options- they failed to.

Before they tased us, we said that we do not consent to this. We said we don't know how the taser would affect us, so if our bodies are flopping around, we don't want to accidentally make contact with anyone- so don't charge us with assault. They violently pulled away most of our belongings. Alek ripped my sleeping bag. Alek also applied several pain compliance holds to my thumb, wrist and left arm. At the jail he later made a point to say that we were responsible for the cost(restitution) of the 2 trucks and 4 workers from the DPW. Note- The cops/DPW workers maliciously threw our personal belongings in a dumpster, stole items, damaged items, lied to us, threatened us and tortured us with electrocution. It's not fair to say they simply administered a non-lethal weapon to get us to comply. Given the context, they aimed to punish us, humiliate us and intimidate others in the community from ever disobeying their orders. We have a full list of lost, broken and stolen items.

We were subjected to a series of 3-5 second bursts of 50,000 volts at the hands of the Brattleboro Police Department. First, they tased both of us simultaneously for 3 seconds, hoping the electrical charge would connect, since they thought we were holding hands. Meanwhile, our bodies were contorting and bouncing off the ground. At one point, my feet were 6 feet in the air. I felt blind and deaf and unable to control my body. Within a few minutes they hit us again with a 5 second charge. 5 seconds is a really long time. I starting screaming. I recall yelling that they are torturing us, hoping some eye witnesses were on the scene. A reporter from the Brattleboro Reformer took 60 photos of the whole scenario.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

4

**After the second round, Sam said she couldn't take it anymore and that she was going to release. I said OK and that it's unfair for us to be subjected to this abuse. Next, they tipped over the barrel so I was literally bent over the barrel (see photo in the Brattleboro Reformer.) My face was in the dirt and I told them that it was a humiliating position. They began threatening to shoot the barbed prongs in my back. I told them that I did not want to be shot in the back with some weird electronic weapon. Now there were 4 cops around me 2-3 holding me down with their knees and holding the first of my free left hand. They hit me again with a 5 second charge at which point I screamed OK! and I released from the barrel. They immediately grabbed me and wanted to haul me off like a piece of trash. I asked for a moment to catch my breath. They carried me to the vehicle.**

**The jail procedures went fairly smoothly(mostly dealing with Gorman and Kirkpatrick) and we were released by 11:15am on Tuesday, July, 24.**

    b.    the identity of the person with whom you communicated;

    c.    the subject matter and precise details of each such communication;

    d.    the identity of all witnesses to each such communication; and

    e.    whether the communication was oral or written and, if written, identify all documents that evidence the written communication.

3.    Have you or anyone acting on your behalf obtained from any person any statement, oral or written, concerning this action or the incident? If so, identify:

    a.    each such person who gave the statement;

        **Comments were made in the press**

        **Interviews were taken by the Attorney General of Vermont**

    b.    when, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded;

    c.    any person who has custody of any such statements that were made; and

    d.    attach a copy.

4.    Have you ever been arrested, taken into protective custody or convicted of a crime? If so, please state the crime for which you were arrested and/or convicted, the name and location of the court in which you were arraigned and/or convicted, the date upon which you were arrested or convicted, taken into protective custody, and the sentence imposed, if any, and the date of your release from incarceration

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

or probation.

The first case(97cm-138) is from the State of Wisconsin and dates back to 1997. My lawyer was John Bachman(715-839-1040). I pled 'no contest' to a misdemeanor 'disorderly conduct' charge, thereby resulting in a conviction. The sentence was a $200 fine plus costs resulting in $209.00 being withheld from the $300 I posted for bail.

The second case(97-83) is a Federal case tried in the Latah County in the State of Idaho. My lawyer was Gerald Smith (509-624-7606). I was found guilty of two misdemeanor crimes- 'obstruction' and 'interfering', both considered petty offenses. I was sentenced to 30 days in a county jail and fined $500. I served my time in the Latah County Jail and paid the fine of $500.

The third case(98-110) is also a Federal case tried in Latah County (208-882-2216) in the State of Idaho. My lawyer was Gerald Smith (509-624-7606). I was found guilty of one misdemeanor crime- 'aiding and abetting', a petty offense. I was sentenced to 45 days in county jail and fined $200. I served my time in three different county jails and the fine was retracted.

The fourth case(CR-10098) is from the State of Idaho. My lawyer was Mark Moorer (208-882-2539). I pled guilty to three misdemeanor crimes. My sentence consisted of time served(19 days) and $447.00 fine which I had to pay in order to be released.

The fifth case is a Federal case from 1998 where I was arrested for disorderly conduct at a counter-nazi demonstration in Coeur d'Alene, ID. The criminal case resulted in a hung jury and eventually the charges were dropped. I filed a civil suit (called *Graves v. City of Coeur d'Alene*)against the City of Coeur d'Alene, the police department and individual officers. The City settled the case for $80,000, in which I received $20,000.

The sixth case is from Seattle in 1999 where I was arrested for disorderly conduct at the WTO protests. The charges were dropped.

The seventh case is from NJ in 2000 where I was arrested for disobeying a lawful order while protesting the IMF and Worldbank. The charges were dropped.

The eighth case is from VT in 2001 where I was arrested for trespassing at Patrick Leahy office while protesting a vote on the Free Trade Area of the Americas. I accepted the diversion option and completed 20 hours of community service.

The ninth case is from NY in 2001-2002 where I was arrested for parading without a permit while protesting the World Economic Forum. The charges

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

were dropped. I filed a civil suit against the NYC police department and we are about to receive a settlement of about $12,000 each.

The tenth case is from PA in 2002 where I was arrested for assault and resisting arrest at a coutner-nazi demonstration. The case went to trial and I was found not guilty.

The eleventh case is from Greece. My attorney was Chrisa Kofti (2310 519 879). I was not convicted of any crime, nor was it ever brought to trial. I was released from jail on July 19, 2003 and the Greek authorities asked me to leave the country by August 30 until everything was sorted out. In February of 2004, all of the charges were dropped and the case was dismissed.

The twelfth, and final arrest, is the current case in VT, 2007.

5. Have you ever been a party to a civil lawsuit? If so, please state the title of the case, the court, the docket number, the nature of the action, and its disposition.

**Graves v. City of Coeur d'Alene; 9th Circuit District Court; illegal arrest, unnecessary use of force and violation of 1st and 4th amendment rights; City settled for $80,000.**

**Class action suit v. NYC; legal arrest and violation of 1st amendment rights; currently working out settlement.**

6. Please identify and state the present whereabouts of each person known or believed by you or by those acting on your behalf to have observed or otherwise have knowledge and facts to support any of the allegations made in your Complaint, including but not limited to, all witnesses who were present at or near the area of the incident described in your Complaint.

**Peter Hawkins, friend/witness, NY**
**Raven Burchard, friend/witness, GA**
**Janisse Rey, friend/witness, GA**
**Mike Feiner, friend/witness, VT**
**Lee, media/witness, VT, Brattleboro Reformer**
**Bob Audette, media/witness, VT, Brattleboro Reformer**

7. If you contend that the damages you suffered were caused by any act or omission on the part of Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and/or Peter DiMarino, please state in full and complete detail all facts and circumstances upon which you base this contention, and identify with specificity each such act of omission attributable to each such Defendant.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

7

DiMarino for unnecessary and inappropriate use of force, intimidation, and chilling effect on 1st amendment rights. The physical pain and emotional trauma is attributable to DiMarino. Kirkpatrick contributed to psychological trauma based on his threats and intimidation, failure to follow proper police procedures and preparing the scene for the resulting police abuse. Aleck also helped create a scene of police intimidation and helped expose me to police abuse by removing my belongings.

The actions of officers failed to show appropriate restraint in attempting to resolve

8.  Do you claim that Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and/or Peter DiMarino violated your constitutional rights? If so, please state with respect to each Defendant:

    The abuse of power, unnecessary and inappropriate use of force, failure to follow orders and proper procedure, intimidation, all resulted in the violation of my constitutional rights as well as creating a chilling effect for other people in the community interested in exercising their constitutional rights.

    The quick action of officers failed to show appropriate patience and restraint in attempting to resolve the situation. Under any use of force policy, the conduct of the police officers would be perceived as hasty and unwarranted. The use of tasers was unnecessary and excessive, as well as unwise and unreasonable under the circumstances. The use of force was clearly avoidable. Police officers unnecessarily inflicted pain and suffering and cruel and degrading treatment. The police officers conspired to use excessive force and failed to prevent wrongful acts committed by fellow officers.

    a.  each and every act or failure to act that you claim violated your constitutional rights;

    Refer to original complaint.

    b.      the specific provisions of the constitution which you claim were violated by the acts or failure to act of each Defendant;

    Refer to original complaint.

    c.      the identity of all witnesses and documents to each of the acts that you claim violated your constitutional right(s).

    Cannot answer as framed.

9.  Please state all facts and identify all witnesses and documents that support your contentions in Paragraphs 29-57 of your Complaint.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

8

**see question #6 for witnesses**
**photos--**
**video--**
**newspaper articles-**
**taped conversations of police-**
**transcripts of interviews by Black and Sorrell-**
**investigative reports of Gordon Black and William Sorrell**

10. If you know of any investigation of the incident or the related events prior or subsequent thereto, including without limitation, any investigation by an insurance company or agency of the federal or state government, please state who requested or required the investigation, or on whose behalf it was made, the date or dates on which it was conducted, the name and address of the person conducting or assisting in the investigation, and the name or other means of establishing the identity of all persons interviewed by the person or persons conducting the investigation.

**An investigation was initiated by the Attorney General of VT.**
**An investigation was initiated by the town of Brattleboro and carried out by and independent party named Black.**
**An internal police investigation was initiated by the Brattleboro Police Department.**

11. Please list the names, addresses, official title, if any, and other identification of all witnesses whom you contemplate calling to testify in support of your claim in this action, indicating the nature and substance of the testimony which is expected will be given by each such witness and, if any prospective witnesses are related to you, state the relationship.

**See witness list, question #6**

12. List, identify and describe the contents of each document known to you or upon which you intend to rely which may support any of your contentions in this action.

**photos-**
**video-**
**newspaper articles-**
**taped conversations of police-**
**transcripts of interviews by Black and Sorrell-**
**investigative reports of Gordon Black and William Sorrell**

13. Are you claiming any loss of earnings as a result of the alleged incident? If so,

please state:

a.   the inclusive dates between which you were unable to work as a result of the alleged incident;

b.   the total amount of earnings which you lost as a result of your absence;

c.   the nature of your employment immediately prior to the alleged incident, indicating your job title, classification or position;

d.   the names and addresses of your employers or your place of business;

e.   your earnings on a weekly, monthly or annual basis; and

f.    the total amount of financial consideration, if any, received from your employer or business covering or relating to any period of absence or disability due to the alleged incident.

**I was not employed in July 2007.**

14. Are you claiming damages, as a result of the alleged incident, for any loss or impairment of earning power or capacity beyond any loss of wages from your employment? If so, please give full details of the nature, extent, amount and duration of any such loss or impairment, and identify all persons who can verify that you have been denied employment due to said loss or impairment of capacity.

**I am not claiming loss of income.**

15. As of the date of the incident or at any time thereafter, have you engaged in one or more gainful occupations? If so, state:

a.   the names and addresses of your employer(s) and the date(s) you worked for each such employer;

b.   the nature of the work in each such occupation and the wage or salary received by you in each such occupation;

c.   state whether you have been absent from work at any times since the date of the incident and, if so, state the dates of all absences from work, the reasons therefore, and your rates of pay on the dates of such absences.

**I am currently a self-employed farmer without an income.**

16. Please provide a complete and accurate chronology of your whereabouts from 8:00 a.m. on July 23, 2007 through 5:00 p.m. on July 24, 2007; state with specificity your physical location during this period; state the names and

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

addresses of all individuals with whom you came in contact during this period; and state what and how much, if any, drugs, legal or otherwise, or alcohol you may have consumed during this time period.

**See answers to question #2**

17. Please itemize in detail the basis for your computation of the amount of damages for which judgment is sought in this action, including all attorneys' fees and expenses.

   1. **Compensatory damages for pain, suffering, emotional distress and deprivation of liberty in an amount determined by jury;**

   2. **Punitive damages in amount adequate to punish Defendants for their intentional violation of Plaintiff's constitutional rights;**

   3. **Attorney's fees and costs as provided by statute.**

18. Please describe precisely and in complete detail the nature, location and extent of all injuries or medical conditions, if any, which you claim to have suffered as a result of the incident and include in your answer a description as to how the alleged injuries occurred.

   **I suffered from an 4-5 consecutive electric shocks of 50,000 volts. This caused an excruciating amount of pain and psychological trauma. It is uncertain what damage the shocks may have caused to my brain, heart and nervous system. The taser left 3-4 sets of significant burns at the point of contact. This incident contributed to my PTSD from police abuse. I've received therapy from Diane Leardi for PTSD and emotional support since April, 2006.**

19. Do you claim that you have not fully recovered from the injuries set forth in your answer to Interrogatory No. 18? If so, please describe in detail the precise nature, location and extent of all injuries and conditions from which you claim you have not recovered; state whether you are presently receiving medical care, advice, counseling or treatment for said injuries; and, if so, state the name and address of the physicians or other medical authorities from whom you are presently receiving such medical care and the date upon which you last consulted each such practitioner.

   **This incident contributed to my PTSD from police abuse. I've received therapy from Diane Leardi for PTSD and emotional support since April, 2006. I now fear interaction with the Brattleboro Police Department and I'm less likely to participate in constitutionally protected activities.**

20. During the fifteen-year period prior to the date of the incident to the present, were you hospitalized and/or did you receive medical treatment or counseling for any reason? If so, please state with respect to each hospitalization and/or medical treatment and/or counseling:

    a.      the name and address of the hospital, facility and/or medical practitioner from whom you received treatment;

    b.      if hospitalized, the date of your admission and the date of your discharge;

    c.      if outpatient, the date of each treatment or examination; and

    d.      the complaint for which you were hospitalized and/or medically treated.

**I have not been hospitalized in the last 15 years.**

21. Is any award, judgment or settlement that you might receive in this litigation subject to any setoff and/or lien in favor of an insurer who has paid or will be obligated to pay benefits? If so, identify such insurer and state the amount of the setoff and/or lien.

**There are no liens against me, nor do I have any bouts with insurers.**

22. Were you given medical attention by any first aid organization, medical practitioner, counselor, hospital, clinic, infirmary or other medical institution as a result of the incident alleged in the Complaint? If so, state:

    a.      the name and address of each person and/or institution; and

    b.      the name and present address of the person or persons performing any medical examinations or treatments at each medical institution described herein;

    c.      if you have such medical reports, will you voluntarily produce copies of these medical reports with out the necessity of a motion for their production? If so, attach copies of the reports to your answers to these interrogatories. If you do not have all of the reports and do not submit copies of all of them, please indicate the date of each report not submitted and execute the attached medical authorizations.

        **After being released from jail, within 30 minutes I visited Rescue, Inc.,Route 5 in Brattleboro to tend to the physical wounds and ask for advice about recovery. I've received therapy from Diane Leardi for PTSD and emotional support. Diane Leardi's contact information is 54 Harris Place, Brattleboro, VT 05301, phone 802-254-7345.**

23. Identify all persons whom you expect to call as expert witnesses at trial, and set forth in detail the qualifications and training of each such expert, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, the substance of the facts and opinions to which each expert is to testify, the field of expertise of each expert, and a summary for each expert of the grounds for the opinions. Attach copies of any reports rendered by each expert opinion to which each expert named in this Interrogatory is expected to testify.

**My expert witness is Andrew J. Scott III, AJS Consulting, 750 Elm Tree Lane, Boca Raton, FL 33486. Telephone: 1-561-302-0756. Mr. Scott's resume is attached. He is expected to testify to the appropriate use of tasers by law enforcement personnel. His written report will be forwarded upon receipt.**

24. Set forth in detail the factual information and/or text material supplied to and/or relied upon by each expert named in Interrogatory No. 23 which was used as a basis for the expert's opinion, including all persons or things examined, the type, place and date of examination, as well as a description and identification of all photographs or documents reviewed.

**Mr. Scott has been supplied with all pertinent written documents related to the incident. His opinion is based on those documents and his background and experience with similar incidents involving the use of tasers by law enforcement personnel.**

## REQUESTS TO PRODUCE

1. Please provide a copy of any and all documents referred to in your answers to the foregoing Interrogatories or which were reviewed by you, your attorneys or agents, in the preparation of your answers to the foregoing Interrogatories.

   **Produced, in connection with original complaint and initial disclosures.**

2. Please produce all documents (including any tape recordings, e-mails, and any other "document' as defined in these discovery request) that refer to, relate to, or otherwise evidence any communications between you and any of the named Defendants in this case or agents of the Town of Brattleboro regarding the incident.

   **None.**

3. Please produce all documents (including any tape recordings, e-mails, and any other "document" as defined in these discovery requests) that refer to, relate to, or otherwise evidence any statements made by any of the named Defendants in this case.

Produced.

4. Please produce each investigation or report relating to the incident prepared by you and/or any expert, insurance company, governmental agency or bureau or department.

   **Produced, in connection with original complaint and initial disclosures.**

5. Please produce all documents, reports, affidavits and statements regarding the alleged incident, whether signed or unsigned, handwritten, typewritten, or recorded by mechanical or electronic means, including but not limited to those made by:

   a.    you or any party herein; and
   b.    any witness to the alleged incident.

   **Produced, in connection with original complaint and initial disclosures.**

5. Please produce all written records prepared by you and/or in your possession or control that refer to, relate to, or otherwise evidence the incident including, but not limited to, diaries, ledgers, workbooks, logs or notes.

   **Not applicable.**

6. Please produce any and all documents, correspondence, lists, notes, receipts, bills, statements or other records reflecting any losses, damages or future losses you claim as a result of the incident, including, but not limited to, medical expenses, lost income and attorneys' fees.

   **Produced.**

7. Please produce any and all additional documentation, to the extent not previously requested, which you intend to utilize at trial in support of the allegations made in your Complaint.

   **None.**

8. Please produce any and all exhibits that you intend to introduce, identify or otherwise utilize at trial.

   **Produced, in connection with original complaint and initial disclosures.**

9. Please produce copies of all pleadings, correspondence, transcripts and other non-privileged documents in your possession pertaining to any other criminal or civil court proceedings, worker's compensation proceedings, or disciplinary action

(including termination) with which you have been involved.

**Objection as to relevance.**

10. Please produce all documents that refer to, relate to, or otherwise evidence any arrest or conviction of you at any time, including but not limited to all documents that refer to, relate to, or otherwise evidence the criminal prosecution involving you in connection with the incident.

**Objection as to relevance.**

11. Please produce any and all photographs, slides, motion pictures, video tapes, drawings, sketches and other tangible evidence and documents depicting or concerning you at the time of the incident or within 72 hours of the incident, and/or the scene of the incident, and/or other physical objects involved in the incident, taken at any time. To the extent that you have photographs, please produce color copies of the same.

**Produced.**

12. Please produce your federal, state and local (if applicable) income tax returns (all pages) and W-2 statements and schedules for five (5) years preceding the date of the incident and up to and including the last year filed.

**Objection as to relevancy.**

13. Please produce any and all newspaper articles, publication and other documentation and tangible evidence of newspaper, radio and TV broadcasts, advertisements and publications concerning or depicting the incident and any interview or other statement given by you.

**Produced.**

14. Please produce any and all employment records and reports concerning your employment for the five (5) years prior to the alleged incident and up to the date of this response.

**None available.**

15. Please produce all medical records and reports of any doctor, health care provider, therapist, psychotherapist, or psychologist who may have treated or examined you for the ten (10) years prior to the incident through the present for any condition whatever, including treatment as a result of alleged injuries for which this lawsuit has been brought.

SLEIGH & WILLIAMS

ATTORNEYS AT LAW

364 RAILROAD STREET, STE E

ST. JOHNSBURY, VT 05819

(802) 748-5176

**Objection as to relevancy.**

15

16. Please produce records for any hospital, clinic or institution in which you have been confined for the ten (10) years prior to the incident through the present for any condition whatever, including alleged injuries for which this lawsuit has been brought.

**None**

17. Please produce medical bills of any type and nature as a result of the injuries alleged to have been sustained as a result of this incident.

**Produced.**

18. Please produce any and all witness statements, whether written, recorded, transcribed or summarized.

**None.**

19. Please produce any and all treatises, exhibits, memoranda, reports, analyses, drawings, diagrams, charts, photographs and other documents or tangible items given to, referred to, relied upon, or created or utilized by any expert witness whom you expect to call at trial.

**The resume of my expert witness, Andrew Scott III, is hereby produced. Mr. Scott's report will be forwarded upon receipt.**

20. Please produce any and all reports, analyses, summaries and other documents concerning or reflecting the opinions of any expert witness whom you expect to call at trial, whether prepared by such expert witness or some other person.

**See above.**

21. Please produce each investigation, report, memorandum or other document prepared by an expert relating to the alleged incident.

**See above.**

22. Please produce any and all other documents that you claim support your allegations against any of the Defendants, including any other documents that support your claim of damages.

**None.**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

Signed: _____
           Jonathan Crowell, Plaintiff

Subscribed to and sworn before me this _16_ day of September, 2008

_____
        Notary Public