# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JONATHAN CROWELL
SAMANTHA KILMURRAY
    Plaintiffs
    v.

Criminal File: 2:08-cv-55

ROBERT KIRKPATRICK
MICHAEL GORMAN
JEREMY EVANS
CHUCK ALECK
PETER DIMARINO
    Defendants

## INTERROGATORY ANSWERS

1. Please identify yourself fully, giving your full name, date of birth, residence address, occupation, and business address.

    **Samantha Kilmurray (DOB 2/8/75), 218 Depot Rd, Williamsville, VT. 05362**
    **Occupation: farm/orchard work**

2. Describe in detail all communications you had with Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and Peter DiMarino, or any agent or employee of the Town of Brattleboro, on July 23, 2007, July 24, 2007, or thereafter regarding the incident or any matter related thereto and, with respect to each such communication, state:

    a. the date of each such communication;

    b. the identity of the person with whom you communicated;

    c. the subject matter and precise details of each such communication;

    d. the identity of all witnesses to each such communication; and

    e. whether the communication was oral or written and, if written, identify all documents that evidence the written communication.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

2

On Monday afternoon, July 23, 2007, the Brattleboro Police arrived where we were peacefully protesting to inform us that we were on private property and needed to leave. It was our friend Mike Feiner's role to communicate with the police. He communicated to them why were were there and what we were doing. His role was also to keep Jonathan Crowell and I informed about what the police were doing. The officers, most notably Kirkpatrick, told Jonathan and I that this "wasn't going to be a truck stop" and that "we had made our point." Interacting with the police and the gardeners at this point were cordial. The officers then began to work their way over to the tarp area, where Jonathan and I were locked down. At this point, their tone became more aggressive. The officers, particularly Kirkpatrick, informed us that we had our information wrong and there wasn't any plans for a truck stop. I did not verbally respond to the officers at this time. After checking out the scene for about 30 minutes, the officers announced they would leave and come back in an hour. Kirkpatrick told Jonathan and I (and all the gardeners) that we had one hour to vacate the land. Anyone left on the land would be charged with trespassing.

Closer to two hours later, the officers came back to the site. The gardeners who participated in planting flowers and such moved off the land to a public space and Jonathan and I remained locked down. Mike Feiner remained on the land to communicate with the officers. Rather than charging us with trespassing, Kirkpatrick said there "wouldn't be any arrests." He said we "could stay all week for all he cared." He also said "try to stay dry" and that he "hopes the mosquitoes aren't too bad." Before leaving for the day, Officer Alek assured us there wouldn't be any arrests on his shift and that his shift ended at 2:00am.

Throughout the night, police officers drove by several times, shining a spotlight on the site and using a loud siren to disturb us.

The following morning, our friends who camped with us left to go to work by 5:45am. By 7:00am, Kirkpatrick and three others arrived on the scene. This time their tone and their actions were very aggressive. The first words I heard were "Get up, it's time to go." Kirkpatrick was making it clear that "it's over" and we were "under arrest for trespassing." The officers on the scene immediately started to remove the tarp and throw our stuff around. My sleeping bag was ripped off me, my sleeping pad was pulled from under me and my water bottle taken out of my hands and thrown aside. All officers present seemed confused about how were locked down. They noticed there was dirt in the barrel and started to shovel it out (with Jonathan's shovel), dropping the dirt carelessly so that some got in our eyes and mouths. At this point, it was obvious to me that they would continue to be aggressive. Kirkpatrick assured us once again that "we made our point" and that we were wrong about future development of the land. He also told us we got what we wanted as far as press coverage. At some point, two men from the Department of Public Works showed up to help with the barrel. They were told by the officers to shovel out the dirt. These two men seemed as confused as the officers about the barrel.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

At this point, I did not verbally communicate with the officers. 12-15 minutes after his arrival, Kirkpatrick said to the other officers "let's just tase 'em." At this point, the troubleshooting aloud began. From my perspective this seemed very inappropriate and unprofessional. One conversation between Kirkpatrick and Dimarino was: "maybe they're just holding hands. So let's tase her and pull them apart." Jonathan assured them that was not the case. That was definitely a scare tactic trying to get Jonathan to react to them tasing me.

Jonathan, at the first mention of tasing, began to suggest alternatives to "torturing us with a taser." He suggested taking away our water and eventually we would give up and leave. He also suggested having some kind of mediator—for example, the fire department. The officers seemed very anxious to remove us quickly. One of their ideas was to pick up the barrel and force us to move with it. Jonathan exclaimed that would be very dangerous to us and would most likely break our arms.

Soon after the officers arrived, Peter Hawkins drove up to the scene. We asked him to "call Janisse and friends." He left the scene to get the phone number. At this point, the urgency seemed very clear, when officer Kirkpatrick said "we don't want the media and friends to come."

After about 25 minutes (which seemed like hours), Kirkpatrick announced that he and Dimarino would use the taser on us. At this moment, my head was spinning with thoughts of "how they could do this to us?" They told me they would apply the taser to my skin for 3 seconds (we later found out it was actually for 5 seconds). Jonathan informed the officers that we do not consent to being tortured and that we could not be held responsible for how our bodies would react to being tased.

Officer Kirkpatrick applied the taser to the inside of my left elbow for 5 seconds. Immediately afterwards, another officer grabbed me and tried to pull me out of the barrel. I exclaimed "you're hurting me, you can't just pull me out!" They realized that tactic didn't work so they stopped. After about 1-2 minutes, Kirkpatrick said he would tase me again, and that it would be increased to 5 seconds. After another 5 seconds of excruciating pain, I gave up. I told Jonathan that "I couldn't take it anymore." At this point, Officer Dimarino walked me to the police car and placed me in the back seat. I have never experienced police brutality firsthand and I must admit I felt completely withdrawn after being tortured.

While in the police car, Peter Hawkins and Janisse Ray arrived, confused and distraught. Janisse ran over to the scene and was aggressively blocked from going any further. She tried to inquire about what was happening and was told to get off the property or she would be arrested. She then went to the other side of Black Mountain Road with Peter and watched as they tased Jonathan again.

There seemed to be a longer delay between the second and third rounds of tasing Jonathan. I witnessed the officers tip the barrel and Jonathan's body was in an awkward position trying to keep them from breaking his arm. Several police officers were standing around Jonathan; some were holding him down as Dimarino tased him yet again. His body reacted violently, lifted off the g round and then finally was still. Within a minute or so, two officers were dragging Jonathan to another police car.

Officer Dimarino drove the car that I was in. He was trying to talk to me and when he realized I was not going to respond, he said "I know it hurts. If it makes you feel any better, I've had it done to me, too." I felt his tone was condescending and unprofessional.

We were put in a jail cell and processed. We were released at approximately 11:15am on Tuesday, July 24.

3. Have you or anyone acting on your behalf obtained from any person any statement, oral or written, concerning this action or the incident? If so, identify:

   a. each such person who gave the statement;

   b. when, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded;

   c. any person who has custody of any such statements that were made; and

   d. attach a copy.

   **No statements.**

4. Have you ever been arrested, taken into protective custody or convicted of a crime? If so, please state the crime for which you were arrested and/or convicted, the nameand location of the court in which you were arraigned and/or convicted, the date upon which you were arrested or convicted, taken into protective custody, and the sentence imposed, if any, and the date of your release from incarceration or probation.

   **No.**

5. Have you ever been a party to a civil lawsuit? If so, please state the title of the case, the court, the docket number, the nature of the action, and its disposition.

   **No.**

6. Please identify and state the present whereabouts of each person known or believed by you or by those acting on your behalf to have observed or otherwise

have knowledge and facts to support any of the allegations made in your Complaint, including but not limited to, all witnesses who were present at or near the area of the incident described in your Complaint.

**Peter Hawkins, friend**
**Raven Burchard, friend**
**Janisse Rey, friend**
**Mike Feiner, friend**
**Lee, Bob Audette, Jim Severance, reporters for the Brattleboro Reformer**

7. If you contend that the damages you suffered were caused by any act or omission on the part of Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and/or Peter DiMarino, please state in full and complete detail all facts and circumstances upon which you base this contention, and identify with specificity each such act of omission attributable to each such Defendant.

**Kirkpatrick and DiMarino for unnecessary and inappropriate use of force. Evans, Aleck and Gorman for participating in the abuse of power.**

**Kirkpatrick used extreme and unnecessary force on me, a peaceful protester exercising my First Amendment rights. The use of force should only be employed when all other means have been exhausted or when someone's life is at risk. The other officers present conspired and went along with the use of excessive force and failed to prevent wrongful acts (tasing of 2 peaceful protesters.)**

8. Do you claim that Defendants Robert Kirkpatrick, Michael Gorman, Jeremy Evans, Chuck Aleck and/or Peter DiMarino violated your constitutional rights?

**Yes, they did violate my rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. Kirkpatrick and Dimarino used excessive force and conspired to use excessive force, and they engaged in outrageous conduct; they acted inappropriately and forcefully; I was wrongfully assaulted with a potentially deadly weapon.**

If so, please state with respect to each Defendant:

a. each and every act or failure to act that you claim violated your constitutional rights;

**Refer to the original complaint.**

b. the specific provisions of the constitution which you claim were violated by the acts or failure to act of each Defendant;

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

**Refer to the original complaint.**

    c.   the identity of all witnesses and documents to each of the acts that you claim violated your constitutional right(s).

**Cannot answer this as framed.**

9. Please state all facts and identify all witnesses and documents that support your contentions in Paragraphs 29-57 of your Complaint.

**See answer to question #6 and items produced generally.**

10. If you know of any investigation of the incident or the related events prior or subsequent thereto, including without limitation, any investigation by an insurance company or agency of the federal or state government, please state who requested or required the investigation, or on whose behalf it was made, the date or dates on which it was conducted, the name and address of the person conducting or assisting in the investigation, and the name or other means of establishing the identity of all persons interviewed by the person or persons conducting the investigation.

**Investigative reports of Gordon Black and William Sorrell.**

11. Please list the names, addresses, official title, if any, and other identification of all witnesses whom you contemplate calling to testify in support of your claim in this action, indicating the nature and substance of the testimony which is expected will be given by each such witness and, if any prospective witnesses are related to you, state the relationship.

**See answer to question #6**

12. List, identify and describe the contents of each document known to you or upon which you intend to rely which may support any of your contentions in this action.

**Investigative reports of Gordon Black and William Sorrell.**

13. Are you claiming any loss of earnings as a result of the alleged incident? If so, please state:

    a.   the inclusive dates between which you were unable to work as a result of the alleged incident;

    b.   the total amount of earnings which you lost as a result of your absence;

    c.   the nature of your employment immediately prior to the alleged incident,

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

    indicating your job title, classification or position;

 d. the names and addresses of your employers or your place of business;

 e. your earnings on a weekly, monthly or annual basis; and

 f. the total amount of financial consideration, if any, received from your employer or business covering or relating to any period of absence or disability due to the alleged incident.

 **a. Not applicable**
 **b. Missed three (3) days of work**
 **c. Farm/orchard work, general laborer**
 **d. Scott Farm, Kipling Rd, Dummerston, VT. 05367**
 **e. $9.50 per hour**
 **f. none**

14. Are you claiming damages, as a result of the alleged incident, for any loss or impairment of earning power or capacity beyond any loss of wages from your employment? If so, please give full details of the nature, extent, amount and duration of any such loss or impairment, and identify all persons who can verify that you have been denied employment due to said loss or impairment of capacity.

    **No.**

15. As of the date of the incident or at any time thereafter, have you engaged in one or more gainful occupations? If so, state:

    a. the names and addresses of your employer(s) and the date(s) you worked for each such employer;

    b. the nature of the work in each such occupation and the wage or salary received by you in each such occupation;

    c. state whether you have been absent from work at any times since the date of the incident and, if so, state the dates of all absences from work, the reasons therefore, and your rates of pay on the dates of such absences.

    **a. Scott Farm, see address above**
    **b. Agricultural work**
    **c. Objection as to relevancy.**

16. Please provide a complete and accurate chronology of your whereabouts from 8:00 a.m. on July 23, 2007 through 5:00 p.m. on July 24, 2007; state with specificity your physical location during this period; state the names and

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

addresses of all individuals with whom you came in contact during this period; and state what and how much, if any, drugs, legal or otherwise, or alcohol you may have consumed during this time period.

**See question #2.**

**I used no alcohol or drugs.**

17. Please itemize in detail the basis for your computation of the amount of damages for which judgment is sought in this action, including all attorneys' fees and expenses.

    1. **Compensatory damages for pain, suffering, emotional distress and deprivation of liberty in an amount determined by jury;**
    2. **Punitive damages in amount adequate to punish Defendants for their intentional violation of Plaintiff's constitutional rights;**
    3. **Attorney's fees and costs as provided by statute.**

18. Please describe precisely and in complete detail the nature, location and extent of all injuries or medical conditions, if any, which you claim to have suffered as a result of the incident and include in your answer a description as to how the alleged injuries occurred.

    **I suffered 2-5 second-long electric shocks of 50,000 volts. The pain was intense both physically and mentally. I suffered for many days with emotional trauma and for over two weeks with physical injuries caused by the contact of the taser with my skin. It is unknown at this time whether the taser caused permanent damage to my brain and nervous system.**

19. Do you claim that you have not fully recovered from the injuries set forth in your answer to Interrogatory No. 18? If so, please describe in detail the precise nature, location and extent of all injuries and conditions from which you claim you have not recovered; state whether you are presently receiving medical care, advice, counseling or treatment for said injuries; and, if so, state the name and address of the physicians or other medical authorities from whom you are presently receiving such medical care and the date upon which you last consulted each such practitioner.

    **I am not being counseled or treated, however I am not comfortable having interactions with any police officers and am fearful of participating in any action that could make an officer angry or agitated.**

20. During the fifteen-year period prior to the date of the incident to the present, were you hospitalized and/or did you receive medical treatment or counseling for any reason? If so, please state with respect to each hospitalization and/or

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

medical treatment and/or counseling:

   a. the name and address of the hospital, facility and/or medical practitioner from whom you received treatment;

   b. if hospitalized, the date of your admission and the date of your discharge;

   c. if outpatient, the date of each treatment or examination; and

   d. the complaint for which you were hospitalized and/or medically treated.

   **No, to all of the above.**

21. Is any award, judgment or settlement that you might receive in this litigation subject to any setoff and/or lien in favor of an insurer who has paid or will be obligated to pay benefits? If so, identify such insurer and state the amount of the setoff and/or lien.

    **No.**

22. Were you given medical attention by any first aid organization, medical practitioner, counselor, hospital, clinic, infirmary or other medical institution as a result of the incident alleged in the Complaint? If so, state:

    a. the name and address of each person and/or institution; and

    b. the name and present address of the person or persons performing any medical examinations or treatments at each medical institution described herein;

    c. if you have such medical reports, will you voluntarily produce copies of these medical reports with out the necessity of a motion for their production? If so, attach copies of the reports to your answers to these interrogatories. If you do not have all of the reports and do not submit copies of all of them, please indicate the date of each report not submitted and execute the attached medical authorizations.

    **Within 30 minutes of being released from jail, Jonathan and I visited Rescue, Inc in Brattleboro to tend to wounds and ask if we needed further medical treatment.**

23. Identify all persons whom you expect to call as expert witnesses at trial, and set forth in detail the qualifications and training of each such expert, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, the substance of the facts and opinions to which each expert is to testify, the field of expertise of each

expert, and a summary for each expert of the grounds for the opinions. Attach copies of any reports rendered by each expert opinion to which each expert named in this Interrogatory is expected to testify.

**My expert witness is Andrew J. Scott III, AJS Consulting, 750 Elm Tree Lane, Boca Raton, FL 33486. Telephone: 1-561-302-0756. Mr. Scott's resume is attached. He is expected to testify to the appropriate use of tasers by law enforcement personnel and how their use against me was improper. His written report will be forwarded upon receipt.**

24. Set forth in detail the factual information and/or text material supplied to and/or relied upon by each expert named in Interrogatory No. 23 which was used as a basis for the expert's opinion, including all persons or things examined, the type, place and date of examination, as well as a description and identification of all photographs or documents reviewed.

**Mr. Scott has been supplied with all pertinent written documents related to the tasing incident. His opinion is based on those documents and his background and experience evaluating similar incidents involving the use of tasers by law enforcement personnel.**

## REQUESTS TO PRODUCE

1. Please provide a copy of any and all documents referred to in your answers to the foregoing Interrogatories or which were reviewed by you, your attorneys or agents, in the preparation of your answers to the foregoing Interrogatories.

    **Produced, in connection with original complaint and initial disclosures.**

2. Please produce all documents (including any tape recordings, e-mails, and any other "document' as defined in these discovery request) that refer to, relate to, or otherwise evidence any communications between you and any of the named Defendants in this case or agents of the Town of Brattleboro regarding the incident.

    **None.**

3. Please produce all documents (including any tape recordings, e-mails, and any other "document" as defined in these discovery requests) that refer to, relate to, or otherwise evidence any statements made by any of the named Defendants in this case.

    **None.**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

11

4. Please produce each investigation or report relating to the incident prepared by you and/or any expert, insurance company, governmental agency or bureau or department.

   **Produced, in connection with original complaint and initial disclosures.**

5. Please produce all documents, reports, affidavits and statements regarding the alleged incident, whether signed or unsigned, handwritten, typewritten, or recorded by mechanical or electronic means, including but not limited to those made by:
   a. you or any party herein; and
   b. any witness to the alleged incident.

   **Produced, in connection with original complaint and initial disclosures.**

5. Please produce all written records prepared by you and/or in your possession or control that refer to, relate to, or otherwise evidence the incident including, but not limited to, diaries, ledgers, workbooks, logs or notes.

   **Not applicable.**

6. Please produce any and all documents, correspondence, lists, notes, receipts, bills, statements or other records reflecting any losses, damages or future losses you claim as a result of the incident, including, but not limited to, medical expenses, lost income and attorneys' fees.

   **Produced.**

7. Please produce any and all additional documentation, to the extent not previously requested, which you intend to utilize at trial in support of the allegations made in your Complaint.

   **None.**

8. Please produce any and all exhibits that you intend to introduce, identify or otherwise utilize at trial.

   **Produced, in connection with original complaint and initial disclosures.**

9. Please produce copies of all pleadings, correspondence, transcripts and other non-privileged documents in your possession pertaining to any other criminal or civil court proceedings, worker's compensation proceedings, or disciplinary action (including termination) with which you have been involved.

   **None.**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

10. Please produce all documents that refer to, relate to, or otherwise evidence any arrest or conviction of you at any time, including but not limited to all documents that refer to, relate to, or otherwise evidence the criminal prosecution involving you in connection with the incident.

   **None.**

11. Please produce any and all photographs, slides, motion pictures, video tapes, drawings, sketches and other tangible evidence and documents depicting or concerning you at the time of the incident or within 72 hours of the incident, and/or the scene of the incident, and/or other physical objects involved in the incident, taken at any time. To the extent that you have photographs, please produce color copies of the same.

   **Produced.**

12. Please produce your federal, state and local (if applicable) income tax returns (all pages) and W-2 statements and schedules for five (5) years preceding the date of the incident and up to and including the last year filed.

   **Objection as to relevance.**

13. Please produce any and all newspaper articles, publication and other documentation and tangible evidence of newspaper, radio and TV broadcasts, advertisements and publications concerning or depicting the incident and any interview or other statement given by you.

   **Produced.**

14. Please produce any and all employment records and reports concerning your employment for the five (5) years prior to the alleged incident and up to the date of this response.

   **Objection as to relevance.**

15. Please produce all medical records and reports of any doctor, health care provider, therapist, psychotherapist, or psychologist who may have treated or examined you for the ten (10) years prior to the incident through the present for any condition whatever, including treatment as a result of alleged injuries for which this lawsuit has been brought.

   **None.**

16. Please produce records for any hospital, clinic or institution in which you have been confined for the ten (10) years prior to the incident through the present for any conditionwhatever, including alleged injuries for which this lawsuit has

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

been brought.

**Objection as to relevance.**

17. Please produce medical bills of any type and nature as a result of the injuries alleged to have been sustained as a result of this incident.

    **None.**

18. Please produce any and all witness statements, whether written, recorded, transcribed or summarized.

    **None.**

19. Please produce any and all treatises, exhibits, memoranda, reports, analyses, drawings, diagrams, charts, photographs and other documents or tangible items given to, referred to, relied upon, or created or utilized by any expert witness whom you expect to call at trial.

    **The resume of my expert witness, Andrew Scott III, is produced.  Mr. Scott's report will be forwarded upon receipt.**

20. Please produce any and all reports, analyses, summaries and other documents concerning or reflecting the opinions of any expert witness whom you expect to call at trial, whether prepared by such expert witness or some other person.

    **See above.**

21. Please produce each investigation, report, memorandum or other document prepared by an expert relating to the alleged incident.

    **See above.**

22. Please produce any and all other documents that you claim support your allegations against any of the Defendants, including any other documents that support your claim of damages.

    **None.**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

Signed: _____
Samantha Kilmurray, Plaintiff

Subscribed and sworn to before me on this 16 day of September, 2008

_____
Notary Public

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176