# MANDATE

09-4100-cv
Crowell v. Kirkpatrick

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

1  At a stated term of the United States Court of Appeals for the Second Circuit, held at the
2  Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on
3  the 15th day of November, two thousand ten.
4
5  PRESENT:    DEBRA ANN LIVINGSTON,
6              DENNY CHIN,
7                          *Circuit Judges,*
8              DAVID G. LARIMER,
9                          *District Judge.**
10 _____
11
12 JONATHAN CROWELL and SAMANTHA KILMURRAY,
13              *Plaintiffs-Appellants,*
14
15      -v.-                                   No. 09-4100-cv
16
17 ROBERT KIRKPATRICK, MICHAEL GORMAN, CHUCK ALECK, PETER DIMARINO,
18              *Defendants-Appellees.*
19
20 JEREMY EVANS,
21              *Defendant.*
22 _____
23
24                          David C. Sleigh, Sleigh & Williams, St. Johnsbury, VT, *for*
25                          *Plaintiffs-Appellants*
26
27                          Nancy G. Sheahan, McNeil, Leddy & Sheahan, P.C., Burlington, VT
28                          (Kevin J. Coyle, *on the brief*), *for Defendants-Appellees.*
29

---

*The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

MANDATE ISSUED ON 12/21/2010

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs-Appellants Jonathan Crowell and Samantha Kilmurray appeal from a September 14, 2009, order of the District Court of Vermont (Conroy, *Mag. J.*)[1] granting summary judgment to Defendants-Appellees, members of the Brattleboro Police Department (BPD), on the Plaintiffs' action brought under 42 U.S.C. § 1983. *See Crowell v. Kirkpatrick*, 667 F. Supp. 2d 391 (2009). Plaintiffs, alleging that Defendants' use of force in effecting their arrest was excessive, challenge the District Court's conclusion both that the use of force was not unreasonable under the Fourth Amendment and that, even if it were unreasonable, Defendants were entitled to qualified immunity. We assume the parties' familiarity with the facts and procedural history of the case and the issues on appeal.

This Court "review[s] a grant of summary judgment *de novo*, construing the record in the light most favorable to the non-moving party." *Gilles v. Repicky*, 511 F.3d 239, 243 (2d Cir. 2007). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)). Assessing whether the use of force to make an arrest is "reasonable" under the Fourth Amendment "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The reasonableness inquiry, an objective one, is "judged from the perspective of a

---

[1] The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c).

reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* "[T]he fact finder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 123 (2d Cir. 2004). The balancing must be done with sensitivity to the factual circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Qualified immunity is evaluated on the basis of a two-part test. First, we must inquire whether "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, assuming we find that the facts alleged do establish a violation of a constitutional right, we must then "ask whether the right was clearly established." *Id.* The *Saucier* Court emphasized that this second inquiry must be undertaken "in light of the specific context of the case, not as a broad general proposition." *Id.* Further, "[o]nly Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." *Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004). Moreover, "[e]ven if the right at issue was clearly established in certain respects, . . . an officer is still entitled to qualified immunity if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007). With respect to the appropriate sequence for this inquiry, the Supreme Court has clarified that "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

The District Court found both that Defendants' use of force in this case was reasonable and that, assuming *arguendo* it was not, Plaintiffs' rights in this situation were not clearly established. We find that the use of force in these particular circumstances was objectively reasonable and affirm.

In this case, Plaintiffs were arrested for relatively minor crimes of trespass and resisting arrest and were not threatening the safety of any other person with their behavior. However, they were actively resisting their arrest at the time they were tased by the officers in this case, having chained themselves to a several hundred pound barrel drum and having refused to free themselves, even though they admitted they were able to release themselves from the barrel at any time throughout the encounter. Plaintiff Kilmurray admits that prior to the officers' use of their tasers, she had asked an acquaintance at the scene to call other members of their group to return to the property. Moreover, both Plaintiffs admitted that the officers at the scene considered and attempted several alternate means of removing them from the property before resorting to use of their tasers, that the officers expressly warned them that they would be tased and that it would be painful, and that the officers gave them another opportunity to release themselves from the barrel after this warning. Finally, both Plaintiffs were given opportunities again to release themselves from the barrel prior to the subsequent uses of the tasers.

While we do not suggest that the use of a taser to effect an arrest is always, or even often, objectively reasonable, under the circumstances here, even construing the facts in the light most favorable to Plaintiffs, we conclude that it was. Because they had chained themselves to the drum, Plaintiffs could not have been arrested and removed from the scene by more conventional means, and the apparently imminent arrival of some number of their compatriots added a degree of urgency

4

1  to the need to remove Plaintiffs quickly, before the presence of other protestors made that more
2  difficult to accomplish.  The officers attempted to use other means to effectuate the arrest, none of
3  which proved feasible, and used the taser only as a last resort, after warning Plaintiffs and giving
4  them a last opportunity to unchain themselves from the barrel and leave the premises peacefully.
5  Finally, Defendants set the taser on "drive stun" mode, which typically causes temporary, if
6  significant, pain and no permanent injury. *See Brooks v. City of Seattle*, 599 F.3d 1018, 1027 (9th
7  Cir. 2010) ("The use of the Taser in drive-stun mode is painful, certainly, but also temporary and
8  localized, without incapacitating muscle contractions or significant lasting injury."), *rehearing en*
9  *banc granted*, --- F.3d ---, 2010 WL 3896202 (9th Cir. Sept. 30, 2010).  Given the totality of those
10 circumstances, it is difficult to see how a rational factfinder could conclude that the officers' actions
11 were anything other than reasonable.
12      In any event, since the facts alleged, even taken in the light most favorable to the Plaintiffs,
13 do not amount to a constitutional violation, the officers are entitled to qualified immunity.  It
14 certainly was not clearly established that the use of force here violated Plaintiffs' constitutional
15 rights under the case law of the Supreme Court or this Circuit.  In support of their contention that
16 the officers' actions violated their clearly established constitutional rights, Plaintiffs cite to the
17 Second Circuit's decision in *Amnesty America*, a case involving allegations of the use of excessive
18 force by police officers against abortion clinic protestors who were allegedly "purely passive" in
19 resisting arrest.  361 F.3d at 123.  The Court did find the allegations of excessive force in that case
20 sufficient to defeat a motion for summary judgment. *See id.* at 124.  However, the plaintiffs there
21 had alleged that the police used "far more force than was necessary, and inflicted severe pain on the
22 demonstrators" in effecting their arrest, *id. at* 118, including claims that they had thrown a protestor

1. face-down on the ground, "ramm[ed] [a protestor's] head into a wall at high speed," and committed
2. several other acts of violence, *id.* at 123. The allegations of violence in that case were both
3. decidedly more serious than the use of a taser here and significantly less clearly directed at the goal
4. of effecting the arrest of the protestors. Another recent Second Circuit case involving claims of the
5. use of excessive force against protestors, *Jones v. Parmley*, 465 F.3d 46 (2d Cir. 2006), similarly
6. involved allegations of force that was both significantly greater in degree and less tethered to the
7. goal of effecting an arrest. *See id.* at 52-53. We have found no Second Circuit case clearly
8. establishing that conduct of the type and gravity alleged in this case would violate the Plaintiffs'
9. constitutional rights under the Fourth Amendment.
10. For these reasons, we hold that the use of force in this case was objectively reasonable, and
11. that, as a result, Defendants did not violate Plaintiffs' Fourth Amendment rights. Moreover, we hold
12. that Defendants are in any event entitled to qualified immunity here.
13. We have considered Plaintiffs' other arguments on appeal and find that they are without
14. merit or moot. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit